■ In the Matter of the Claim of FRANCISCO GARCIA, Respondent, v BRASSIERE RESTAURANT et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion by appellants for extension of time to file record and brief pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12). This motion is only one

of several pending applications made by compensation appellants whose appeals are now "deemed abandoned" under section 800.12 which requires that appeals be perfected within one year from the date of judgment, order or decision sought to be reviewed. In the majority of these cases the appellant has been unable to comply with section 800.12 due to substantial and unexplained delay on the part of the Workmen's Compensation Board in either serving the full record list (12 NYCRR 300.18 [a]) or in determining applications for permission to proceed on a shortened form of record (12 NYCRR 300.18 [c]). The facts of the instant case are illustrative of the problem: The moving papers state that in a decision dated April 16, 1976 the board determined that claimant had a mild causally related disability, and that the Special Fund was not liable for compensation payments under subdivision 8 of section 15 of the Workmen's Compensation Law. Appellants filed a timely notice of appeal from this decision on May 14, 1976. The full record list, however, was not served upon the appellants by the Attorney-General's office until April 19, 1977, more than one year after the date of the board decision sought to be appealed. In motion papers dated May 10, 1977, appellants point out that because of the late service of the full record list it was impossible for them to perfect their appeal within the one-year period specified in Section 800.12 of the Rules of Practice. They also note that pursuant to 22 NYCRR 800.18 (b) of the Rules of Practice a compensation appellant is afforded at least 90 days after service of the full record list or approval of a shortened record list to file his record and briefs. Finally, appellants allege that their appeal has merit and that, in view of the circumstances presented, the time to file their record and briefs should be extended. Since Section 800.12 of the Rules of Practice did not become effective until July 1, 1976, the appeal of the instant appellants from the board decision dated April 16, 1976 was not deemed abandoned until July 1, 1977 (see Hobbs v State of New York, 53 AD2d 998). However, the fact remains that because of the one-year delay by the board in serving the full record list, appellants had less then the 90-day period provided for by 22 NYCRR 800.18 (b) of the Rules of Practice for filing their record and brief. Had appellants exercised their right to apply for permission to proceed on a shortened form of record, additional weeks, if not months, would have passed before a record was certified by the board for filing with this court. The instant motion and the other pending applications pointedly demonstrate that a conflict presently exists between the board rules regarding certification of a record on appeal and the rules of this court governing the time within which a record and brief must be filed. Such conflict, which frustrates the well-considered intention of this court in adopting its present one-year rule, is even less acceptable when it is noted that the Legislature has specifically provided that compensation appeals to this court "shall be heard in a summary manner and shall have precedence over all other civil cases" (Workmen's Compensation Law, § 23). It is therefore apparent that the delay in perfecting these appeals is not only contrary to the policy of this court but also offends the clear legislative intent to have compensation appeals resolved in an expeditious manner. Appellants' motion pursuant to section 800.12 is granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are filed on or before November 21, 1977. If appellants are unable, within this time period, to file a record in compliance with rule 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which

shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). Greenblott, J. P., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.