shall bᵤ certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

█ In the Matter of the Claim of JOSEPH KELLY, Appellant, v HUSDON VALLEY ACOUSTICAL & PLASTERING CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellant's record and brief provided they are filed and served on or before November 28, 1977. If appellant is unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

█ In the Matter of the Claim of STANLEY KWIECIEN, Respondent, v FRANK CHARLOW, Doing Business as CHARLOW PAINTING CO., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are filed and served on or before November 28, 1977. If appellants are unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

█ In the Matter of the Claim of ERNESTINE WEBB, Respondent, v WESTERN ELECTRIC COMPANY, INC., Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellant's record and brief provided they are filed and served on or before November 28, 1977. If appellant is unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

█ In the Matter of the Claim of GERALDINE JACKSON, Appellant, v R. E. DIETZ CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. —Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellant's record and brief provided they are filed and served on or before December 5, 1977. Motion by appellant for permission to proceed as a poor person granted, without costs, only to extent that the appeal may be heard upon one copy of the record and seven copies of a brief and appendix. If appellant is unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the