appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of MARY FINOCCHIO, Respondent, v W. A. WHITE UNDERWEAR, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are filed and served on or before December 5, 1977. If appellants are unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of PETER H. ONOFRI, Respondent, v SYRACUSE CHINA CORPORATION et al., Appellants, and SPECIAL FUND FOR DISABILITY BENEFITS, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are filed and served on or before December 5, 1977. Motion for leave to prosecute appeals taken August 14, 1975 and January 27, 1977 upon a combined record and brief granted, without costs. If appellants are unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of ARTHUR I. KALISH, Respondent, v TEXTILE PRESENTATION, INC., et al., Appellants, and GREAT AMERICAN INSURANCE COMPANY, Respondent. SPECIAL DISABILITY FUND, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are filed and served on or before November 28, 1977. If appellants are unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.,* 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of LEON TOPF, Respondent, v AMERICAN CHARACTER DOLL & TOY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are

filed and served on or before December 5, 1977. If appellants are unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.*, 59 AD2d 628.) Koreman, P. J., Greenblott, Main Mikoll and Herlihy, JJ. concur.

■ In the Matter of the Claim of ALBERT E. PULASKI, Appellant, v SHATSKY METAL STAMPING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellant's record and brief provided they are filed and served on or before December 9, 1977. If appellant is unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.*, 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of JAMES WOLF, Appellant, v FOXHALL VILLAGE STABLES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellant's record and brief provided they are filed and served on or before December 9, 1977. If appellant is unable within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.*, 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of IRMA REISS, Appellant, v KINGSBRIDGE HOUSE & UNIT OF JEWISH HOMES et al., Respondents, and SPECIAL FUND FOR DISABILITY BENEFITS, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellant's record and brief provided they are filed and served on or before December 12, 1977. If the appellant is unable, within this time period, to file a record in compliance with section 17 of the board's rules (12 NYCRR 300.18), the appeal need not be perfected upon a record certified by the board. In such case, the appeal may be heard upon a single copy of the record the contents of which shall be certified in the manner specified by the Rules of Practice (22 NYCRR 800.7 [b]). (See *Matter of Garcia v Brassiere Rest.*, 59 AD2d 628.) Koreman, P. J., Greenblott, Main, Mikoll, and Herlihy, JJ., concur.

■ In the Matter of the Claim of JOHN MIRKO, Respondent, v TOM THORSEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. —Motion pursuant to section 800.12 of the Rules of Practice (22 NYCRR 800.12 [App Div, 3d Dept]) granted, without costs, and the clerk is directed to accept appellants' record and brief provided they are filed and served on